UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ADAM A. LOCKE,<br><br>                Plaintiff,<br>v.<br><br>SHERIFF CHRISTOPHER SCHMALING,<br>CAPTAIN WEARING, RACINE COUNTY,<br>RACINE COUNTY JAIL,<br>RACINE COUNTY JAIL ADMINISTRATION,<br>and CITY OF RACINE,<br><br>                Defendants. | Case No. 13-CV-31-JPS<br><br><br><br>ORDER |

       Plaintiff Adam A. Locke ("Locke"), presently incarcerated at Green Bay Correctional Institution in the State of Wisconsin and proceeding *pro se*, brings claims under 42 U.S.C. § 1983 alleging various civil rights violations suffered during pre-trial detention in Racine County Jail in the State of Wisconsin approximately one year ago. (Docket #1). In this connection, the plaintiff seeks leave to proceed *in forma pauperis*. (Docket #2).[1]

       The court is required to screen complaints filed by prisoners seeking "redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "[A]ny portion of the complaint" that "is frivolous, malicious or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief" must be dismissed by the Court. 28 U.S.C. § 1915A(b).

       A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th

---

[1] In accordance with 28 U.S.C. § 1915(b)(1), the plaintiff has been assessed and has paid the requisite initial partial filing fee.

Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). His statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). In other words, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570) (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court

must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here, Locke organizes his complaint into seven counts, which may be summarized as follows: (I) inadequate supply of laundry-eligible clothing;[2] (II) failure to shield certain toilet facilities from view of prison visitors; (III) denial of privacy in video conference visitation; (IV) inadequate supervision of inattentive prison employees; (V) deficient ventilation; (VI) lack of recreation; and (VII) denial of access to voting ballots. (Docket #1, 3-8).

---

[2] In particular, Locke appears to allege a confluence of policies which render a subset of the jail's population (including himself) nude for a number of hours each week: (i) only white undergarments are eligible for prison laundry – colored undergarments are archived with a prisoner's other belongings at intake; (ii) prisoners who enter without white undergarments (and without means to purchase white undergarments from the commissary) are resigned to making due without undergarments; and (iii) only one uniform (a top and bottom) is provided to each prisoner, so on laundry day Locke (who entered with colored undergarments and lacks the means to purchase white undergarments from the commissary) and others similarly-situated are left nude until laundry is complete. *See* (Docket #1, 3-4).

Counts I-VI allege that Locke was subjected to unconstitutional conditions of confinement. As the Seventh Circuit teaches in *Antonelli v. Sheahan*, 81 F.3d 1422, 1427-1428 (7th Cir. 1996):

> The Eighth Amendment prohibits "cruel and unusual punishment" of a prisoner. U.S. Const. amend. VIII. In order to violate the Eighth Amendment, the condition of confinement must be a denial of "basic human needs" or "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). The infliction must be deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable. *Miller v. Neathery*, 52 F.3d 634, 638 (7th Cir.1995) (discussing *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)); *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir.1985), cert. denied, 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986). The Due Process Clause prohibits any kind of punishment—not merely cruel and unusual punishment—of a pretrial detainee. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 1872 n. 16, 60 L.Ed.2d 447 (1979); *Salazar v. City of Chicago*, 940 F.2d 233, 239-40 (7th Cir.1991); *see also Anderson v. Gutschenritter*, 836 F.2d 346, 348-49 (7th Cir.1988). A condition of confinement may be imposed on a pretrial confinee without violating the Due Process Clause if it is reasonably related to a legitimate and non-punitive governmental goal. It may not be arbitrary or purposeless. *Bell*, 441 U.S. at 539, 99 S.Ct. at 1874. "Retribution and deterrence are not legitimate nonpunitive governmental objectives." *Id.* at 539 n. 20, 99 S.Ct. at 1874 n. 20. Therefore, the infliction may not derive from an intent to punish. "Such a course would improperly extend the legitimate reasons for which such persons are detained—to ensure their presence at trial." *Sandin v. Conner*, 515 U.S. 472, ----, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995). Also, there "is no doubt that preventing danger to the community is a legitimate regulatory goal," *United States v. Salerno*, 481 U.S. 739, 747, 107 S.Ct. 2095, 2101, 95 L.Ed.2d 697 (1987), that may, "in appropriate circumstances,

outweigh an individual's liberty interest," *id.* at 748, 107 S.Ct. at 2102. A prison official violates the constitutional rights of a pretrial detainee only when he acts with deliberate indifference. Conduct is deliberately indifferent when the defendant acts in an intentional or criminally reckless manner. Salazar, 940 F.2d at 238.

Having reviewed Locke's complaint with the benefit of these teachings, the Court finds that he may proceed on each of the following counts as to his claim that conditions of his pre-trial confinement violated the Due Process clause: inadequate supply of laundry-eligible clothing (Count I); failure to shield certain toilet facilities from view of prison visitors (Count II); deficient ventilation (Count V); and lack of recreation (Count VI).

However, with regard to Counts III (denial of privacy in video conference visitation), IV (inadequate supervision of inattentive prison employees), and VII (denial of access to voting ballots), the Court finds no allegation that Locke *personally* suffered an injury and so is obliged to dismiss each of these counts for lack of standing unless Locke promptly supplements his complaint with a short and plain statement *alleging with specificity whether the conditions in each of Counts III, IV and VII in fact caused injury to him personally*.

With regard to the constellation of defendants set forth in Locke's complaint, the Court: (i) finds that Racine County (as opposed to the City of Racine) is the relevant municipal entity and party-in-interest with regard to a claim of unconstitutional conditions at Racine County Jail; and (ii) finds no state law authority indicating that either Racine County Jail or Racine County Jail Administration is "a legal entity separable from the county government which it serves" and so finds that neither is suable. *See Whiting v. Marathon*

*County Sheriff's Dept.*, 382 F.3d 700, 704 (7th Cir. 2004). Accordingly, the Court will dismiss Locke's complaint as against those three defendants.

Lastly, Locke purports to sue each defendant in their individual and official capacities. (Docket #1, 8). Pursuing Sheriff Schmaling and Captain Wearing in their official capacities adds nothing to this action because the municipal entity they serve – Racine County – is already a named defendant. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official…Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law."). Therefore, the Court construes Sheriff Schmaling and Captain Wearing as defending Locke's claims in their individual capacities. With regard to Racine County, the capacity distinction does not exist and so the Court recognizes no such distinction as to that defendant.

Accordingly,

IT IS ORDERED that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that on or before July 9, 2013, the plaintiff shall supplement his complaint with a short and plain statement alleging with specificity whether the conditions in each of Counts III (denial of privacy in video conference visitation), IV (inadequate supervision of inattentive prison employees), and VII (denial of access to voting ballots) in fact caused injury to him personally – failure to respond accordingly by the deadline set forth immediately above will result in Counts III, IV and VII being dismissed with prejudice and without further notice;

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's

prisoner trust account the $300.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS FURTHER ORDERED that the plaintiff shall submit all correspondence and legal material to:

>Honorable J.P. Stadtmueller
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter; and

IT IS FURTHER ORDERED that the following defendants are DISMISSED from this action: Racine County Jail, Racine County Jail Administration and the City of Racine.

Dated at Milwaukee, Wisconsin, this 19th day of June, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge