UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ADAM A. LOCKE,

                Plaintiff,

v.

SHERIFF CHRISTOPHER SCHMALING,
CAPTAIN WEARING, and
RACINE COUNTY.

                Defendants.

Case No. 13-CV-31-JPS

ORDER

1.      BACKGROUND

Plaintiff Adam A. Locke ("Locke"), presently incarcerated at Green Bay Correctional Institution in the State of Wisconsin and proceeding *pro se*, brings claims under 42 U.S.C. § 1983 alleging various civil rights violations suffered during pretrial detention in Racine County Jail in the State of Wisconsin approximately one year ago. (Docket #1).

Locke organizes his complaint into seven counts, which may be summarized as follows: (I) inadequate supply of laundry-eligible clothing;[1] (II) failure to shield certain toilet facilities from view of prison visitors; (III) denial of privacy in video conference visitation; (IV) inadequate supervision

---

[1] In particular, Locke appears to allege a confluence of policies which render a subset of the jail's population (including himself) nude for a number of hours each week: (i) only white undergarments are eligible for prison laundry – colored undergarments are archived with a prisoner's other belongings at intake; (ii) prisoners who enter without white undergarments (and without means to purchase white undergarments from the commissary) are resigned to making due without undergarments; and (iii) only one uniform (a top and bottom) is provided to each prisoner, so on laundry day Locke (who entered with colored undergarments and lacks the means to purchase white undergarments from the commissary) and others similarly-situated are left nude until laundry is complete. *See* (Docket #1, 3-4).

of inattentive prison employees; (V) deficient ventilation; (VI) lack of recreation; and (VII) denial of access to voting ballots. (Docket #1, 3-8).

The court is required to screen complaints filed by prisoners seeking "redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "[A]ny portion of the complaint" that "is frivolous, malicious or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief" must be dismissed by the Court. 28 U.S.C. § 1915A(b).

In a screening order dated June 19, 2013, the Court found that Locke may proceed on each of the following counts as to his claim that conditions of his pretrial confinement violated the Due Process Clause: inadequate supply of laundry-eligible clothing (Count I); failure to shield certain toilet facilities from view of prison visitors (Count II); deficient ventilation (Count V); and lack of recreation (Count VI). (Docket #11, 5). With regard to the balance of the counts – III (denial of privacy in video conference visitation), IV (inadequate supervision of inattentive prison employees), and VII (denial of access to voting ballots) – the Court found no allegation that Locke *personally* suffered an injury and so ordered Locke to promptly supplement his complaint "with a short and plain statement *alleging with specificity whether the conditions in each of Counts III, IV and VII in fact caused injury to him personally*" or else those counts would be "dismissed with prejudice and without further notice." (*Id.* at 5 and 7) (emphasis in original).

Below, the Court addresses Locke's timely-filed supplement ("Supplement"). (Docket #12).[2]

2. ANALYSIS

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). His statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). In other words, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570) (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by

---

[2] The Supplement explicitly abandons Count VII (denial of access to voting ballots) and so the Court will dismiss that count from Locke's complaint. (*Id.* at 3).

factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here, Counts I-VI allege unconstitutional conditions of confinement. As the Seventh Circuit teaches in *Antonelli v. Sheahan*, 81 F.3d 1422, 1427-1428 (7th Cir. 1996):

> The Eighth Amendment prohibits "cruel and unusual punishment" of a prisoner. U.S. Const. amend. VIII. In order to violate the Eighth Amendment, the condition of confinement must be a denial of "basic human needs" or "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). The infliction must be deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable. *Miller v. Neathery*, 52 F.3d 634, 638 (7th Cir.1995) (discussing *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)); *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir.1985), cert. denied, 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986). The Due Process Clause prohibits any kind of punishment—not merely cruel

and unusual punishment—of a pretrial detainee. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 1872 n. 16, 60 L.Ed.2d 447 (1979); *Salazar v. City of Chicago*, 940 F.2d 233, 239-40 (7th Cir.1991); *see also Anderson v. Gutschenritter*, 836 F.2d 346, 348-49 (7th Cir.1988). A condition of confinement may be imposed on a pretrial confinee without violating the Due Process Clause if it is reasonably related to a legitimate and non-punitive governmental goal. It may not be arbitrary or purposeless. *Bell*, 441 U.S. at 539, 99 S.Ct. at 1874. "Retribution and deterrence are not legitimate nonpunitive governmental objectives." *Id.* at 539 n. 20, 99 S.Ct. at 1874 n. 20. Therefore, the infliction may not derive from an intent to punish. "Such a course would improperly extend the legitimate reasons for which such persons are detained—to ensure their presence at trial." *Sandin v. Conner*, 515 U.S. 472, ----, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995). Also, there "is no doubt that preventing danger to the community is a legitimate regulatory goal," *United States v. Salerno*, 481 U.S. 739, 747, 107 S.Ct. 2095, 2101, 95 L.Ed.2d 697 (1987), that may, "in appropriate circumstances, outweigh an individual's liberty interest," *id.* at 748, 107 S.Ct. at 2102. A prison official violates the constitutional rights of a pretrial detainee only when he acts with deliberate indifference. Conduct is deliberately indifferent when the defendant acts in an intentional or criminally reckless manner. *Salazar*, 940 F.2d at 238.

Having reviewed Locke's Supplement with the benefit of these teachings, the Court finds that Locke may proceed on Count III – denial of privacy in video conference visitation – as to his claim that conditions of his pretrial confinement violated the Due Process Clause because Locke now adequately alleges personal injury as to that count. (Docket #12).

In contrast, Count IV of Locke's complaint (Docket #1) alleges generally that prison guards are unreasonably absent from their posts[3] and

---

[3] The Court previously summarized this count as "inadequate supervision of inattentive prison employees" (Docket #11, 3).

Locke's Supplement fails to allege a personal injury caused by the absenteeism. *See* (Docket #12). Therefore, in accordance with its warning issued previously, the Court is obliged to and will dismiss Count IV.

In summary, the Court finds that Locke may proceed on each of the following counts as to his claim that conditions of his pretrial confinement violated the Due Process Clause: inadequate supply of laundry-eligible clothing (Count I); failure to shield certain toilet facilities from view of prison visitors (Count II); denial of privacy in video conference visitation (Count III); deficient ventilation (Count V); and lack of recreation (Count VI).

Accordingly,

IT IS ORDERED that Counts IV and VII of Plaintiff's complaint (Docket #1) be and the same are hereby DISMISSED;

IT IS FURTHER ORDERED that the United States Marshal shall serve a copy of the complaint (Docket #1), this order and the Court's prior order (Docket #11) upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service;

IT IS FURTHER ORDERED that the defendants shall file a responsive pleading to the complaint;

IT IS FURTHER ORDERED that copies of this order and the Court's prior order (Docket #11) be sent to the warden of the institution where the inmate is confined;

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all future correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Green Bay Correctional Institution and Waupun Correctional Institution and, therefore, if the plaintiff is no longer incarcerated at either institution, he will be required to submit all correspondence and legal material to:

> Honorable J.P. Stadtmueller
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 16th day of July, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge